2011 WY 88

### BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,

v.

### Robert O. ANDERSON, Respondent.

### No. D–11–0001.

Supreme Court of Wyoming.

June 1, 2011.

#### ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation for Suspension," filed herein May 19, 2011, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline). After a careful review of the Board of Professional Responsibility's Report and Recommendation for Suspension, the "Stipulated Motion for Suspension and to File a Report and Recommendation for Discipline," the "Section 16 Affidavit of Robert O. Anderson in Support of Motion for Stipulated Discipline," and the file, this Court finds that the Report and Recommendation for Suspension should be approved, confirmed and adopted by the Court; and that the Respondent, Robert O. Anderson, should be suspended from the practice of law for a period of one year. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Suspension, which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Suspension, Respondent Robert O. Anderson shall be, and hereby is, suspended from the practice of law for a period of one year from the date of this order; and it is further

[¶ 4] **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar. That Section governs duties of disbarred and suspended attorneys; and it is further

[¶ 5] **ORDERED** that Robert O. Anderson shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before July 1, 2011; and it is further

[¶ 6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation for Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶ 8] **ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶ 9] **DATED** this 1st day of June, 2011.

BY THE COURT: *

/s/ MARILYN S. KITE
Chief Justice

ATTACHMENT

### BEFORE THE SUPREME COURT

### STATE OF WYOMING

*In the matter*

*of ROBERT O. ANDERSON,*

*WSB # 5–1495, Respondent.*

---

* Justice Hill took no part in the consideration of this matter.

*WSB No. 200612*

May 19, 2011

**REPORT AND RECOMMENDATION FOR SUSPENSION**

THIS MATTER came before the Board of Professional Responsibility pursuant to the Stipulated Motion of Bar Counsel and Respondent for Suspension of Respondent. The Board, having reviewed the Stipulated Motion and Respondent's affidavit in support thereof, FINDS, CONCLUDES and RECOMMENDS as follows:

1. Respondent has been licensed to practice law in the State of Wyoming since 1977, and has recently retired from the practice of law. Other than the instant proceeding, Respondent has not been the subject of any professional discipline.

2. The above-captioned disciplinary proceeding was instituted in 2006 as a result of a report to Bar Counsel that Respondent had appeared in court under the influence of alcohol. Respondent acknowledged that he had an alcohol problem and entered into a diversion contract with the Wyoming State Bar which required Respondent to be monitored by the Wyoming Professional Assistance Program ("WPAP") for a period of five years.

3. The diversion contract was amended in 2007. The amended diversion contract provided, "In the event that Respondent breaches the WPAP agreement which is then a breach of this Amended Diversion Contract and/or in the event that there is verified information (by urinalysis, breathalyzer, or other medically accepted test for alcohol by consumption) that Respondent has consumed alcohol at any time, Respondent agrees to an immediate suspension for six months."

4. During 2010, Respondent was twice convicted of driving under the influence of alcohol. Also during 2010, concerns were expressed to Bar Counsel by persons associated with the Fremont County court system that Respondent was not adequately representing his clients in court proceedings. Similar concerns were received by Bar Counsel from clients of Respondent.

5. Bar Counsel's investigation of these matters led to the filing of a petition for interim suspension, which was granted by the Wyoming Supreme Court, pending the resolution of a formal charge.

6. Following the Order of Interim Suspension, a formal charge was filed in which it was alleged that Respondent had breached the amended diversion contract, and that Respondent's conduct also constituted a breach of Rules 1.1, 1.3, 1.4, 1.5 and 8.4 of the Rules of Professional Conduct for Attorneys at Law.

7. Because Respondent has retired from the practice of law, he does not desire to contest the formal charge. Respondent has stipulated to a one year suspension of his license to practice law in the State of Wyoming.

**RECOMMENDATION**

1. The Board of Professional Responsibility approves the Stipulated Motion for Suspension, and recommends that the Wyoming Supreme Court enter an order suspending Respondent from the practice of law for a period of one year.

2. The Board further recommends that Respondent be required to reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $50.00 and pay the administrative fee of $500.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

RESPECTFULLY SUBMITTED this 12th day of May 2011.

/s/ Francis E. Stevens
Francis E. Stevens, Chair
Board of Professional Responsibility
Wyoming State Bar

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of this **Report and Recommendation** was mailed by United States Mail, postage prepaid, on May 19, 2011 to:

Robert O. Anderson
Attorney at Law
412 East Park

Riverton, WY 82501 Respondent

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia Becklinger

Patricia Becklinger, Clerk

Board of Professional Responsibility